### BUSH v. ASSOCIATED INDEMNITY CORP.

No. 571.

United States District Court
N. D. Texas, Wichita Falls Division.
Oct. 29, 1951.

Joe Cleveland and Kearby Peery, Wichita Falls, Tex., for plaintiff.

Nelson, Montgomery & Robertson, Wichita Falls, Tex., for defendant.

ATWELL, Chief Judge.

The plaintiff is the surviving wife of employee Bush who was working for an oil drilling concern which was drilling a well a little over thirty miles from Bowie, Texas.

The defendant is the insurance company which wrote the compensation insurance for that employer.

The defendant contends that decedent Bush was not in the regular course of his employment at the time of his death on a street in Bowie, Texas.

The facts appear to be, as shown by the pleadings, deposition, and affidavits, that Bush was one of four men working on a well at the same tower. That they alternated in carrying one another from their respective homes to the well for such work. That the weather was hot, and there was no water available at the well, and the employer furnished the water can and coupon to pay for the ice which was to be put in the can with the water when the workmen came back on the tower for duty. Decedent had left his home to drive into Bowie for the purpose of getting the water and ice and picking up the other three employees and then driving on back to work at the well. It was during that service that he was killed.

The defendant contends that he was not in the regular course of his employment. That his employment was over when he finished his tower, and only begun when he reached the tower for the next period. He was only paid for the time that he was at work on such respective towers.

■■■■ This being a Texas statute, the court is bounden to look at and seek to find out from a study of the opinions of the higher courts of the state, just how they construe the Texas Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., with respect to such incidents.

It is contended by the defendant that a case by the Court of Civil Appeals of Texas, Texas Employers' Ins. Ass'n v. Beach, 213 S.W.2d 60, is directly in point. A careful study of that case shows that the employee merely had in his car, a water can used by his crew that day for the purpose of carrying drinking water to the well, which some other member of the crew would carry back to the well the following day.

There is no evidence the can belonged to the employer.

Under the instant case, the pleadings and evidence submitted to the court for the purpose of solving this motion, show that the can belonged to the employer and that the employer furnished the coupon to pay for the ice, and that the employer knew that this was the practice and joined in that practice for the comfort and convenience and efficacy of his employees.

The case of Liberty Mutual Ins. Co. v. Nelson, by the Supreme Court of Texas, in 142 Tex. 370, 178 S.W.2d 514, is more nearly in point, because the employee there was engaged in performing services for his employers which he was in the habit of performing with their knowledge, and which were fully approved by them. That the court cannot, as a matter of law, say that the facts failed to show that the employee was acting within the scope of his employment.

That case showed that the employee who lived away from Houston, went into Houston to get some paint and brushes, and also to look at a house which he and his wife were thinking of buying in Houston.

The safe course seems to be to overrule the motion for summary judgment, and to allow the jury to pass upon the facts that may be shown by testimony which they believe to be true.